UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND, | ) ) ) ) |
| Plaintiff, | ) No. 4:13-cv-068-PPS-JEM ) ) |
| v. | ) ) |
| EMBRY'S ROOFING, INC, | ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment against Defendant Embry's Roofing, Inc. [D.E. 11] Because Defendant has failed to respond to the Complaint, Plaintiff's Motion for Default Judgment is **GRANTED**.

## BACKGROUND

Plaintiff[1] filed the complaint in this matter on September 26, 2013. [D.E. 1.] Service of the summons and complaint was received by certified mail by Robert Embry on October 10, 2013. [D.E. 6.] Defendant failed to appear, plead, or otherwise defend the lawsuit. Accordingly, Plaintiff filed a motion for entry of default on May 2, 2014 [D.E. 8], which the clerk of the court entered on May 5, 2014. [D.E. 9] Plaintiff's Motion for Default Judgment [D.E. 11] is now before the Court. Defendant still has not appeared or responded.

---

[1] On October 15, 2013, Plaintiff United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 106 moved to voluntarily dismiss its claims [D.E. 5] and I granted that motion on February 25, 2014 [D.E. 7].

Plaintiff asserts that as Trustees of the Indiana State Council of Roofers Health and Welfare Plan (the "Welfare Plan"), it has ultimate responsibility and control over the administration of the Welfare Plan, which is subject to ERISA. (Compl. ¶¶ 3-4.). The complaint alleges that Embry's Roofing Inc. is a signatory to a collective bargaining agreement requiring payments to the Welfare Fund. (Comp. ¶ 5). Plaintiff alleges Defendant breached the collective bargaining agreement by failing to make contributions and payments on behalf of its employees covered by the agreement after it began performing work in June 2013. (Comp. ¶ 13-14). Plaintiff seeks an order directing Defendant to comply with the collective bargaining agreement and pay the amounts provided in that agreement to Plaintiff. Plaintiff also seeks damages, including attorney fees, as compensation for Embry's alleged breaches, "and all other proper remedies, legal and equitable, plus interest and costs."

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour*, 787 F. Supp. 146, 148 n. 4 (N.D. Ill. 1992). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed.R.Civ.P. 55(a). This entry is recognition of the fact that a party is in default for a failure to comply with the rules. Since the Clerk has already entered default against Defendant, I may enter a default judgment under Rule 55(b)(2). While Federal Rule of

Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). "As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint." *O'Brien*, 998 F.2d at 1404 (citation and internal quotation marks omitted).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

In this case, there are few material issues of fact, and the grounds for default are clearly established. Although the case has only been pending since September 2013, Defendant has shown no intention to respond to the Complaint in the several months since it was served. Therefore, the default is not simply a technicality. Moreover, Plaintiff seeks a relatively small amount of money, and the lawsuit implicates no issues of public importance. Thus, all of the factors weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded

allegations of the complaint will be taken as true. *O'Brien*, 998 F.2d at 1404(citations omitted); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Here, this means that I must take as true Plaintiff's assertion that Embry's Roofing is liable to the Fund for delinquent contributions.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted). Though Fed. R. Civ. P. 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*; *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.") (citations omitted).

When a benefit plan wins a judgment to enforce payment of delinquent contributions it is entitled to:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

4

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of the Fund's claims for delinquent contributions, Plaintiff submits the affidavit of Ellen Densborn, an employee of the Fund who is responsible for determining employee delinquencies. (Densborn Aff. ¶ 6.) Densborn avers that the Fund is owed $51,039.47 in delinquent contributions. (*Id*. at 8.) She also states that the Fund incurred court costs of $400.00 and attorney's fees of $1,024.00 in mounting this lawsuit. (*Id*. at 9.) An affidavit and accompanying documentation from Fund attorney Charles L. Berger, reflects that his hourly rate is $160.00, which the Court finds reasonable. (Berger Aff.)

Plaintiff is owed the full amount sought. Adding the delinquent contributions, costs, and attorney's fees together, Defendant owes Plaintiff a total of $52,463.47.

## CONCLUSION

The Court, being duly advised, **GRANTS** the Motion for Default Judgment

[Docket No. 11]. Defendant Embry's Roofing Inc. is **ORDERED** to pay Plaintiff $52,463.47 in delinquent contributions, attorney's fees, and costs. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

    **SO ORDERED.**

    ENTERED: July 22, 2014

                                                s/Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT